**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1884**

LORENE WILLIAMS,

              Plaintiff - Appellant,

       v.

BRUNSWICK COUNTY BOARD OF EDUCATION,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever, III, District Judge.  (7:08-cv-00140-D)

Submitted:  June 14, 2011           Decided:  July 22, 2011

Before TRAXLER, Chief Judge, and WYNN and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Romallus O. Murphy, Sr., Greensboro, North Carolina, for Appellant.  Curtis H. Allen, III, Christine T. Scheef, Kathleen P. T. Kennedy, THARRINGTON SMITH, L.L.P., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorene Williams appeals a district court order granting summary judgment against her in her employment discrimination action brought against the Brunswick County (North Carolina) Board of Education ("the Board"). Finding no error, we affirm.


I.

Williams has been employed by the Board since 1975 in various roles, including as Director of Exceptional Children from 1985 to 1996 and Director of Federal Programs from 1996 to June 2005. In June 2005, Williams returned to her position of Director of Exceptional Children. In December 2005, however, Superintendent Katie McGee transferred Williams to Director of Pre-K and Student Services.

On June 4, 2007, Williams submitted a letter to her supervisor, Dr. Zelphia Grisset, requesting a six-month medical leave of absence to begin June 8, 2007, as a result of her diabetes and other related problems. Grisset shared the letter the same day with McGee.

Unbeknownst to Williams, at the time of Williams's request, McGee had been preparing to recommend a reorganization of central office personnel that would affect approximately 15 Board employees and would move Williams to the position of Dean

2

of Students at Shallotte Middle School. McGee had planned to present her recommendations to the Board at its meeting on June 5, 2007. As she had done two years earlier when she had recommended a similar restructuring, McGee notified the affected employees (including Williams) of her intentions on the day she was to present her plan to the Board.

The Board approved McGee's plan at its June 5, 2007, meeting. However, Williams was unhappy with her transfer and requested to meet with the Board to challenge it. The Board heard from her at a subsequent meeting but voted to uphold the transfer.

Williams later brought suit against the Board in federal district court, alleging, as is relevant here, that the Board's transfer violated the antiretaliation provisions of the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973. See 42 U.S.C. § 12203(a); 29 U.S.C. § 794(d). The Board subsequently moved for, and was granted, summary judgment.

II.

Williams argues that the district court erred in granting summary judgment against her on her retaliation claim. We disagree.

3

We review the district court's grant of summary judgment de novo, viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party. See EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

Williams concedes that her retaliation claim should be reviewed using the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Thus, to establish a prima facie case of retaliation, Williams must show that: "(1) that she has engaged in conduct protected by the ADA; (2) that she suffered an adverse action subsequent to engaging in the protected conduct; and (3) that there was a causal link between the protected activity and the adverse action." Freilich v. Upper Chesapeake Health, Inc., 313 F.3d 205, 216 (4th Cir. 2002). Even assuming that Williams could show that her leave request constituted protected activity and that her transfer was an adverse action, she cannot show any causal relationship between her transfer and her leave request.

In arguing that she created a genuine issue of material fact regarding whether such a causal connection existed, Williams directs us to the fact that McGee learned of

4

her leave request on June 4, 2007, and informed Williams the very next day that she would be transferred. Williams also points to what she asserts are "conflicting reasons" given by McGee for the transfer, namely, "[Williams's] health, [her] lack of performance and [her] outstanding performance." Brief of Appellant at 11. We conclude, however, that Williams has not created a genuine issue of material fact.

First, the record shows that the temporal proximity of McGee's learning of Williams's leave request and her informing Williams of the transfer recommendation were purely coincidence. McGee explained in her affidavit that Williams's recommended transfer was part of a central office reorganization that involved approximately 15 employees and that had been planned before Williams submitted her leave request. McGee informed Williams of her recommendation the same day that she informed the other people affected by the reorganization, which was the day that the school board was to vote on her recommendations. Indeed, she had followed the very same procedure during her reorganization of the central office staff in 2005.

Second, Williams does not explain how the multiple reasons on which McGee based her transfer decision were in conflict. McGee's affidavit provides a detailed explanation of why the strengths and weaknesses McGee identifies in Williams's performance support the transfer decision. And, the fact that

McGee believed that Williams's impending six-month absence provided additional justification for the transfer in no way casts doubt on McGee's claim that she decided to recommend the transfer before Williams submitted her leave request.

## III.

In sum, we conclude that the district court properly granted summary judgment against Williams on her retaliation claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED